**Robert W. CABELL, Plaintiff–Appellant,**

v.

**SONY PICTURES ENTERTAINMENT, INC., Columbia Pictures Industries, Inc., Pulse Advertising, Inc., Happy Madison, Inc., Adam Sandler, Robert Smigel, and Judd Apatow, Defendants–Appellees.***

**No. 10–2690–cv.**

United States Court of Appeals, Second Circuit.

June 24, 2011.

Robert Cabell, New York, NY, pro se.

* The Clerk of Court is directed to amend the

Robert Potter (Joseph Petersen, Joseph M. Beck, Allison M. Scott, on the brief), Kilpatrick Townsend & Stockton LLP, New York, NY, for Appellees.

PRESENT: CHESTER J. STRAUB, REENA RAGGI and RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Robert Cabell, proceeding *pro se*, appeals from an award of summary judgment in favor of defendants on claims of copyright infringement and unfair competition. We review an award of summary judgment *de novo*, "construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor." *Costello v. City of Burlington*, 632 F.3d 41, 45 (2d Cir.2011). We will uphold such an award only if the record reveals no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(a). In applying these standards, we assume the parties' familiarity with the facts and procedural history of the case.

Having ourselves reviewed the relevant Jayms Blonde and *You Don't Mess With the Zohan* images, we affirm the judgment for substantially the reasons stated by the district court in its thorough and well-reasoned opinion. *See Cabell v. Sony Pictures Entm't, Inc.*, 714 F.Supp.2d 452 (S.D.N.Y.2010). Aside from the unprotectable ideas of (1) brandishing a blow dryer as a weapon, and (2) the characters' fighting poses, there is no plausible basis for a reasonable jury to find that the parties' respective expressions of the concept of a crime-fighting hairdresser are substantially similar. *See Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d

caption to read as shown above.

57, 63 (2d Cir.2010); *see also Walker v. Time Life Films, Inc.,* 784 F.2d 44, 48 (2d Cir.1986) ("The copyright protection granted to appellant's book extends only to its particular expression of ideas, not to the ideas themselves...."); *Mattel, Inc. v. Azrak–Hamway Int'l, Inc.,* 724 F.2d 357, 360 (2d Cir.1983) (holding that "superhuman muscleman crouching in what since Neanderthal times has been a traditional fighting pose" was unprotectable idea).[1] Further, the district court correctly dismissed the New York unfair competition claim as preempted by § 301 of the Copyright Act. *See* 17 U.S.C. § 301; *Kregos v. Associated Press,* 3 F.3d 656, 666 (2d Cir.1993) (holding New York unfair competition claim based solely on copying of protected expression preempted by § 301 of Copyright Act).

We have considered Cabell's remaining arguments on appeal and conclude that they are without merit. Accordingly, the judgment of the district court is AFFIRMED.

---

1. Although the complaint also alleged infringement based on the plotline of the *Zohan* film, *see* Am. Compl. ¶ 48, which claim the district court rejected, *see Cabell v. Sony Pictures Entm't, Inc.,* 714 F.Supp.2d at 460–61, Cabell argues on appeal that his infringement claim is predicated solely on the visual images used in the promotion of the *Zohan* film, *see* Appellant's Br. at 9, 22–23. Accordingly, we deem any infringement claim based on plotline abandoned. *See, e.g., Wright v. Warner Books, Inc.,* 953 F.2d 731, 734–35 (2d Cir. 1991).